**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:    Case No.:    16-28850/MBK

SALLY AUSTIN    Judge:    Michael B. Kaplan

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original          ☒ Modified/Notice Required          Date: August 13, 2018

☐ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ____pm____    Initial Debtor: ____sa____    Initial Co-Debtor: _____

### Part 1: Payment and Length of Plan

a. The debtor shall pay $ __125.00__ per __month__ to the Chapter 13 Trustee, starting on __September 1, 2018__ for approximately __13__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a.  Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Wells Fargo Equity | Residential Real Estate | $182.92 | 0.00% | $182.92 | $180.92 |

### b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c.  Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender**  ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Wells Fargo - 50 Cherry Street, Tinton Falls, NJ 07724

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☐ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Toyota Financial Services | $0.00 | 2015 Toyota Rav4 | Assume | $492.34 |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | ;sdifhsdhf sdifhd;ih |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative Claims
3) Secured Claims
4) PRIORITY CLAIMS

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:    Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: September 30, 2016                    .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Pro rata distribution to unsecured creditors. | Changed Part 5 to pro rata distribution. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

### Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: August 13, 2018                                   /s/ Sally Austin
                                                        Debtor

Date: _____                            _____
                                                        Joint Debtor

Date: August 13, 2018                                   /s/ Patrick Moscatello, Esq.
                                                        Attorney for Debtor(s)

```
                              United States Bankruptcy Court
                                   District of New Jersey
In re:                                                                     Case No. 16-28850-MBK
Sally G. Austin                                                            Chapter 13
            Debtor
                                       CERTIFICATE OF NOTICE
District/off: 0312-3          User: admin                 Page 1 of 2                   Date Rcvd: Aug 15, 2018
                              Form ID: pdf901             Total Noticed: 41


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 17, 2018.
db             +Sally G. Austin,    50 Cherry Street,    Eatontown, NJ 07724-2607
cr             +WELLS FARGO BANK, N.A.,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,   Suite 100,
                 Mt. Laurel, NJ 08054-3437
516426505     ++AMERICAN HONDA FINANCE,    P O BOX 168088,    IRVING TX 75016-8088
               (address filed with court: AHFC,    201 Little Falls Drive,    Wilmington, DE 19808)
516426506      AMEX,   PO Box 1270,    Newark, NJ 07101-1270
516426507      AMEX,   P. O. Box 297871,    Fort Lauderdale, FL 33329-7871
516466317      American Express Centurion Bank,    c/o Becket and Lee LLP,    PO Box 3001,
                 Malvern PA 19355-0701
516426508      Boscovs,    PO Box 5221,   Carol Stream, IL 60197-5221
516426510     +CBNA,   PO Box 6497,    Sioux Falls, SD 57117-6497
516426511     +Chase,   PO Box 15298,    Wilmington, DE 19886-5298
516426512     +Chase Card,    P. O. Box 15298,   Wilmington, DE 19850-5298
516426513      Chase Slate,    PO Box 15123,   Wilmington, DE 19886-5123
516426514      Citi Card,    PO Box 6004,   Sioux Falls, SD 57117-6004
516426516     +Home Depot Credit Service,    P. O. Box 790393,    Saint Louis, MO 63179-0393
516426519     +Macys/DSNB,    9111 Duke Boulevard,    Mason, OH 45040-8999
516426520      Sears/CBNA,    P. O. Box 6286,   Sioux Falls, SD 57117-6286
516426521     +Stelip & Stylianou,    10 Forest Avenue,    PO Box 914,   Paramus, NJ 07653-0914
516426524     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court: Toyota Financial Services,     PO Box 8026,
                 Cedar Rapids, IA 52409-8026)
516426523     +Target Card Services, servicer to,    TD Bank USA, NA,    3901 West 53rd Street,
                 Sioux Falls, SD 57106-4221
516521573     +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                 Addison, Texas 75001-9013
516640904     +WELLS FARGO BANK, N.A.,    MAC F8235-02F,    PO BOX 10438,   DES MOINES, IA 50306-0438
516549496      WELLS FARGO BANK, N.A.,    Wells Fargo Bank, N.A.,    Default Document Processing,
                 MAC N9286-01Y,    1000 Blue Gentian Road,    Eagan MN 55121-7700
516426525      Wells Fargo,    PO Box 14529,   Des Moines, IA 50306-3529
516647119      Wells Fargo Bank, N.A.,    P.O. Box 45038 MAC Z3057012,    Jacksonville, FL 322325038
516629882      Wells Fargo Bank, N.A.,    Wells Fargo Card Services,    PO Box 10438, MAC F8235-02F,
                 Des Moines, IA 50306-0438
516493862      Wells Fargo Bank, N.A.,    Home Equity Group,    1 Home Campus MAC X2303-01A,
                 Des Moines, IA 50328-0001
516648421     +Wells Fargo Bank, N.A.,    PO Box 5058 MAC P6053-021,    Portland, OR 97208-5058
516426528      Wells Fargo Home Mortgage,    PO Box 11758,    Newark, NJ 07101-4758
516426529      Wells Fargo Visa,    PO Box 6412,   Carol Stream, IL 60197-6412

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Aug 15 2018 23:45:43      U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 15 2018 23:45:40      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
516426509       E-mail/PDF: gecsedi@recoverycorp.com Aug 15 2018 23:53:34      Care Credit,   PO Box 965052,
                 Orlando, FL 32896-5052
516426515       E-mail/Text: mrdiscen@discover.com Aug 15 2018 23:44:49      Discover Fin SVCS,
                 P. O. Box 15316,    Wilmington, DE 19850
516426517       E-mail/PDF: gecsedi@recoverycorp.com Aug 15 2018 23:52:03      JCPenney,   PO Box 965046,
                 Orlando, FL 32896-5046
516426518      +E-mail/Text: bnckohlsnotices@becket-lee.com Aug 15 2018 23:44:55      Kohls/Capone,
                 N56 W 17000 Ridgewood Drive,    Menomonee Falls, WI 53051-7096
516524101       E-mail/PDF: resurgentbknotifications@resurgent.com Aug 15 2018 23:53:12
                 LVNV Funding, LLC its successors and assigns as,    assignee of Citibank, N.A.,
                 Resurgent Capital Services,    PO Box 10587,   Greenville, SC 29603-0587
516643906       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 15 2018 23:52:14
                 Portfolio Recovery Associates, LLC,    c/o Sears Mastercard,   POB 41067,   Norfolk VA 23541
516634621       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 15 2018 23:52:58
                 Portfolio Recovery Associates, LLC,    c/o The Home Depot,   POB 41067,   Norfolk VA 23541
516426522       E-mail/PDF: gecsedi@recoverycorp.com Aug 15 2018 23:52:04      SYNCB/Steinmart,   PO Box 960013,
                 Orlando, FL 32896-0013
516427472       E-mail/PDF: gecsedi@recoverycorp.com Aug 15 2018 23:52:04      Synchrony Bank,
                 c/o of Recovery Management Systems Corp,    25 S.E. 2nd Avenue, Suite 1120,
                 Miami, FL 33131-1605
516642809      +E-mail/Text: bncmail@w-legal.com Aug 15 2018 23:45:50      TD Bank USA, N.A.,
                 C O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
516426527      +E-mail/Text: bankruptcy_notifications@ccsusa.com Aug 15 2018 23:46:24      Wells Fargo Bank,
                 C/O Credit Collection Services,    725 Canton Street,   Norwood, MA 02062-2679
                                                                                              TOTAL: 13
```

```
District/off: 0312-3          User: admin                Page 2 of 2                Date Rcvd: Aug 15, 2018
                              Form ID: pdf901            Total Noticed: 41

              ***** BYPASSED RECIPIENTS (continued) *****

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516426526       ##Wells Fargo,    PO Box 6422,    Carol Stream, IL 60197-6422
                                                                                    TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 17, 2018                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 13, 2018 at the address(es) listed below:
              Albert   Russo    docs@russotrustee.com
              Nicholas V. Rogers     on behalf of Creditor    WELLS FARGO BANK, N.A. nj.bkecf@fedphe.com
              Patrick   Moscatello    on behalf of Debtor Sally G. Austin moscatellolaw1@gmail.com,
               moscatellolaw2@gmail.com;moscatellolaw2@comcast.net
              Rebecca Ann Solarz     on behalf of Creditor    Toyota Lease Trust rsolarz@kmllawgroup.com
              William M.E. Powers     on behalf of Creditor    Wells Fargo Bank, N.A. ecf@powerskirn.com
              William M.E. Powers, III    on behalf of Creditor    Wells Fargo Bank, N.A. ecf@powerskirn.com
                                                                                               TOTAL: 6
```